## ABIEL ABBOTT *vs.* BEVIS TUCKER.

Before the passage of *St.* 1860, *c.* 215, it was not necessary that the affidavit for the arrest of a debtor on an execution should state that the person making the affidavit had good cause to believe the facts therein set forth.

An affidavit upon an execution against two defendants, which states that "the defendants has property" &c. "which he does not intend to apply to the payment of the plaintiff's claim," is to be construed distributively, so as to include each of the defendants, and is not rendered invalid by the defect in grammar.

A gratuitous written agreement by a creditor, that he will discharge a debtor whom he has arrested on an execution, upon payment by him of certain portions of the sum due thereon, at specified times, does not discharge the surety upon a recognizance taken upon the arrest; especially if before the expiration of the time within which, by the condition of the recognizance, the debtor was to deliver himself up for examination, he failed to make the payments in compliance with the terms of the agreement.

CONTRACT on a recognizance taken under *St.* 1857, *c.* 141, concerning imprisonment for debt, with condition that one William Wharrie, who had been arrested on an execution in favor of the plaintiff, should within ninety days from the time of his arrest deliver himself up for examination, giving notice as therein provided, and making no default, and abide the final order of the magistrate thereon.

It was agreed in the superior court that the plaintiff recovered judgment against said Wharrie and William G. Farnum, and took out an execution thereon, dated July 15, 1859, and made an affidavit upon the execution on the 18th of July, declaring amongst other things, "I believe and have reason to believe that the defendants William G. Farnum and William Wharrie within named has property not exempt from being taken on execution, which he does not intend to apply to the payment of the plaintiff's claim." Upon this affidavit Wharrie was arrested on the 1st of August, and on the same day taken before a master in chancery, and he, with the defendant as surety, entered into the recognizance declared on.

On the 5th of October the plaintiff executed an agreement, the material portions of which are copied in the margin.*

---

* "Received of Wm. Wharrie two dollars to be allowed on execution in my favor against one Wm. G. Farnum and said Wharrie. Now on payment

Upon these facts judgment was rendered for the defendant, and the plaintiff appealed to this court.

*J. S. Abbott,* for the plaintiff.

*D. F. Crane,* for the defendant.

HOAR, J. 1. The recognizance was taken on the first day of August 1859, and the affidavit and certificate to authorize the arrest were made on the 18th day of July 1859. The *St.* of 1857, *c.* 141, was then in force, and the directions of that statute were properly followed. The argument for the defendant, based on the provisions of the statute of 1860, has no application.

2. The affidavit, which states that "the defendants," naming them, "*has* property," &c. "which *he* does not intend to apply," is to be construed distributively, and as if it had said that "each of the defendants has property." There is a defect in grammar, but the sense is apparent.

3. The agreement with the principal debtor, which the defendant contends discharged him as surety on the recognizance,

---

of five dollars on the eighth day of present month; also ten dollars on thirteenth day of this month; and five dollars on or before the last day of each and every month, until said Wharrie shall pay in all the sum of fifty dollars, . . . . . then, on payment as aforesaid, I hereby agree to discharge said Wharrie on said execution, and to assign said execution to him. . . . . . But if said Wharrie does not pay promptly each sum at the time named, then this contract is to be wholly void and of no effect, excepting so far as that I will allow said Wharrie on said execution the amount he may have paid. And this agreement is in no manner to release one Bevis Tucker as surety for said Wharrie on said Wharrie's recognizance; and in default of payment of any one of the sums heretofore named, I retain the right to proceed against said Wharrie and Tucker on said recognizance the same and in the same manner and with the same effect as though this writing had not been made.

Boston, Oct. 5, 1859. ABIEL ABBOTT.

Nov. 9, 1859. Received five dollars on the within. A. Abbott.

Dec. 3d. Received nine dollars and fifty cents.

Jan. 6, 1860. Received five dollars of within.

Feb. 3d. Received of the within five dollars. A. Abbott.

March 3d, 1860. Received five dollars. The above last amount is put on this May 11th, 1860, and is to be understood as cutting any receipt heretofore given. Abiel Abbott

provided that the plaintiff would discharge the debtor, with whom it was made, from the execution, if certain payments were punctually made, reserving expressly the right to hold the surety. There is no doubt of the correctness of the general doctrine, that a valid contract for giving time to the principal will discharge the surety. *Boston Hat Manufactory* v. *Messinger*, 2 Pick. 223. *Greely* v. *Dow*, 2 Met. 176. But there must be a valid contract, binding upon the creditor either in law or equity, in order that this consequence should follow. Here the giving of time was conditional upon the punctual payment, at a time fixed, of a part of a sum, the whole of which was absolutely due. This time was within the period appointed by the recognizance for the surrender of the debtor, so that the surety was not misled; and the condition was not performed. But further, and what is more material, the agreement was wholly without consideration, and neither gave the debtor any right nor created any obligation upon the creditor. It was a mere gratuitous offer, that if a part were paid at one time, the creditor would wait for the payment of the residue. It made no change in the legal or equitable relations of the parties, and ceased to be even a subsisting offer, before the position of the surety was in any respect altered. Under such circumstances, we are aware of no authority for holding the surety discharged, although no effect were given to the stipulation that his liability should not be affected.                                *Judgment for the plaintiff.*